IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEN POURBABAI, | : |
|     Plaintiff, | : |
| v. | : Civ. No. 21-092-RGA |
| DAVID DUFF, | : |
|     Defendant. | : |

**MEMORANDUM**

1.    **Introduction.**   Plaintiff proceeds *pro se* and sought leave to proceed *in forma pauperis*. (D.I. 1). On February 3, 2021, the Court denied the motion and ordered Plaintiff to pay the filing fee. (D.I. 5). On March 11, 2021, the Court dismissed this action without prejudice for Plaintiff's failure pay the required filing fee. (D.I. 6).

2.    **Reconsideration.**   Plaintiff Ben Pourbabai moves for reconsideration of the dismissal order. (D.I. 7). The Court will grant the motion for reconsideration and will vacate the orders deny Plaintiff leave to proceed *in forma pauperis* and dismissing the case. (D.I. 5, 6). The Court will also grant Plaintiff's motion for leave to proceed *in forma pauperis*. (D.I. 1).

3.    **Venue.**   Plaintiff who resides in Delaware, brings this action for legal malpractice against his former attorney, a Virginia resident, for representation in a divorce proceeding in the Virginia courts. (D.I. 2). Plaintiff asserts jurisdiction by reason of diversity of the parties. (*Id*.). The court may transfer a case "[f]or the

1

convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).   The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*.   *See e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

    4.    Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).   In determining whether transfer is appropriate, courts typically engage in a multi-factor balancing test whereby they consider the private and public interests at stake. *Id.*   Private interest factors considered by the Court include: (1) plaintiff's forum preference as reflected by the initial filing; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial situations; (5) the convenience of the witnesses to the extent that witnesses might be unavailable for trial in either fora; and (6) the location of books and records.   *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations omitted).   There are also public interest factors, but other than the greater familiarity a Virginia federal court would have with Virginia malpractice law and the operation of the Virginia state courts, I do not rely upon them.

    5.    Here, it does not appear that any of the events or omissions giving rise to Plaintiff's claims occurred in Delaware.   Clearly, they are alleged to have occurred in Virginia.   The only reason the suit is filed in Delaware is that is where Plaintiff now resides.   In addition, the claims all arise under Virginia law and judges there are more

familiar with Virginia law.   Finally, Defendant resides in Virginia, his law practice is located there where presumably he has records of the matter of which Plaintiff complains.   (There is no allegation in the complaint that there is personal jurisdiction over Defendant in Delaware.). The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Eastern of Virginia, where Defendant and records are located, and, based upon the allegations, it appears all relevant events took place.

6. **Miscellaneous Motions**.   Plaintiff's motion for continuance and motion requesting free access to electronic filing system will be dismissed as moot.

7. **Conclusion**.   For the above reasons the Court will: (1) grant Plaintiff's motion for reconsideration (D.I. 7); (2) vacate the orders deny Plaintiff leave to proceed in forma pauperis and dismissing the case (D.I. 5, 6); (3) grant Plaintiff's motion for leave to proceed *in forma pauperis* (D.I. 1); (4) dismiss as moot Plaintiff's motion for continuance and motion requesting free access to electronic filing system (D.I. 8, 9); and (5) direct the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Virginia.   A separate order shall issue.

      /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

Dated:   January 21, 2022
Wilmington, Delaware